**Rufus Fitzgerald JONES,**
**Plaintiff—Appellant,**

v.

**Daniel THOR; et al., Defendants—**
**Appellees.**

**No. 04–15964.**

**D.C. No. CV–02–01326–MJJ.**

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 13, 2004.*

Decided Sept. 17, 2004.

Rufus Fitzgerald Jones, Calipatria State Prison, Calipatria, CA, pro se.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Kay K. Yu, DAG, Office of the California Attorney General, San Francisco, CA, for Defendants–Appellees.

Before PREGERSON, T.G. NELSON and GRABER, Circuit Judges.

MEMORANDUM **

Rufus Fitzgerald Jones, a California state prisoner, appeals pro se the district court's summary judgment in favor of the defendants in his 42 U.S.C. § 1983 action alleging that prison officials were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's summary judgment, *Frost v. Agnos,* 152 F.3d 1124, 1128 (9th Cir. 1998), and we affirm.

Summary judgment was proper because Jones failed to raise a genuine issue of material fact as to whether prison officials acted with deliberate indifference in diagnosing and treating his knee condition. *See id.* at 1130. Jones's disagreement as to his treatment plan does not rise to the level of an Eighth Amendment violation. *See Jackson v. McIntosh,* 90 F.3d 330, 332 (9th Cir.1996).

Contrary to Jones's contention, the district court did not abuse its discretion in granting summary judgment before discovery was complete, because Jones's pro-

---

posed depositions would not provide evidence that would have created a genuine issue of material fact. *See Klingele v. Eikenberry,* 849 F.2d 409, 412 (9th Cir. 1988).

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the